IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AXVIER SMITH, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-1394-BH |
| | § | |
| JOSE GALLARDO AKA JOSE JOSE | § | |
| GALLARDO-RAYA and | § | |
| HORIZON MIDWEST, INC., | § | |
|     Defendants. | § | Consent Case[1] |

## MEMORANDUM OPINION AND ORDER

Before the Court is *Plaintiff Axvier Smith's Motion to Remand and Brief in Support*, filed June 26, 2020 (doc. 9). Based on the relevant filings and applicable law, the motion is **GRANTED**.

## I. BACKGROUND

This case involves a motor vehicle accident that occurred in Dallas County, Texas. (*See* doc. 4-2 at 2.)[2] Axvier Smith (Plaintiff) alleges that on or about May 3, 2019, Jose Gallardo a/k/a Jose Jose Gallardo-Raya (Gallardo) was driving an 18-wheeler owned by Horizon Midwest, Inc. (Defendant), when he "failed to pay attention, veered off the roadway to the right, and collided hard with [his] vehicle." (*Id*. at 2-4.) He alleges that Gallardo was operating the 18-wheeler negligently because, among other things, he was using a cellular phone at the time of the collision. (*Id.* at 3.) He also alleges that Defendant knew or should have known that Gallardo was "unlicensed, incompetent, and/or reckless" when it entrusted the 18-wheeler to him; that Gallardo was in the course and scope of his employment with Defendant at the time of the collision; and that it failed to properly train and

---

[1] By consent of the parties and the order of transfer dated June 24, 2020, this case has been transferred for the conduct of all further proceedings and the entry of judgment.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

supervise Gallardo to prevent the collision. (*Id.* at 4-5.) Plaintiff asserts claims against Gallardo for negligence and gross negligence, as well as claims against Defendant for negligence under the doctrine of *respondeat superior*, negligent entrustment, and negligent training and supervision. (*Id.*) He seeks damages against Gallardo and Defendant for past and future medical expenses, for property damage and loss of use of his vehicle, and for past and future physical pain and suffering, mental anguish, and physical impairment, as well as pre-judgment and post-judgment interest and costs of court. (*Id.* at 6-7.)

Plaintiff filed suit against Gallardo and Defendant in the 44th Judicial District Court of Dallas County, Texas on May 13, 2020. (*See id.* at 1-9.) Before Gallardo was served, Defendant removed this action to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332 on May 29, 2020. (docs. 1, 4.)[3] On June 26, 2020, Plaintiff moved to remand the case to state court for lack of subject matter jurisdiction. (*See* doc. 9.) Defendant responded on July 17, 2020, and Plaintiff replied on July 23, 2020. (*See* docs. 12, 13.) The motion is now ripe for consideration.

## II. MOTION TO REMAND

Plaintiff argues that this case must be remanded to state court because there is a lack of complete diversity among the parties. (doc. 9 at 5.)

Any civil action brought in state court may be removed to federal court if the district court has original jurisdiction over that action. 28 U.S.C. § 1441(a). A district court's original jurisdiction is of two types: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. *Id.* § 1331. Diversity jurisdiction exists in all civil actions where the amount

---

[3]Horizon contends that it was served on May 15, 2020, (*see* doc. 4 at 2), but there is no proof of service in the record.

in controversy exceeds $75,000.00, exclusive of interests and costs, and there is diversity of citizenship between the parties. *Id*. § 1332(a).

To determine whether it has federal jurisdiction over the removed case, the court must "consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Id*. "[A]ny doubt about the propriety of removal, must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

"[W]hen a court performs its duty to verify that it has jurisdiction, it may be required to survey the entire record, including the defendant's pleadings, and base its ruling on the complaint, on undisputed facts, and on its resolution of disputed facts." *Aquafaith Shipping, Ltd. v. Jarillas*, 963 F.2d 806, 808 (5th Cir. 1992) (citation omitted); *see also Smith v. Estate of Wagner*, No. CIV A H 06-02629, 2006 WL 2729282, at *3 (S.D. Tex. Sept. 25, 2006) (explaining that a "court ... [may] consider the defendant's notice of removal, other pleadings, and the record as of the time of removal if necessary to shed light on the plaintiff's pleadings"). "The purpose of this careful survey, however, is to shed light on the plaintiff's pleadings. The court's focus is on the plaintiff's pleadings, not the defendant's." *Aquafaith*, 963 F.2d at 808.

Because no federal question is presented in this case, removal was proper only if Defendant met its burden of showing that there is diversity of citizenship between the parties, and that the amount in controversy exceeds $75,000.00.[4]  *See Carillo v. JP Morgan Chase Bank, N.A.*, No.

---

[4] Plaintiff does not dispute that the amount in controversy exceeds $75,000.00 exclusive of interests and costs. *See* 28 U.S.C. § 1332(a).

3

EP-12-CV-222-KC, 2012 WL 3276971, at *3 (W.D. Tex. Aug. 9, 2012).

### A.     Diversity of Citizenship

An action removable based on diversity jurisdiction may not be removed if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).  A case that is removed under § 1332 must have "complete diversity" of citizenship.  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005); *see also* 28 U.S.C. § 1332(a). This means that a plaintiff may not share citizenship with any defendant.  *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992).  The party asserting diversity jurisdiction must "distinctly and affirmatively" allege the citizenship of all the parties.  *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988).

Here, it is undisputed that Plaintiff and Gallardo are domiciled in, and citizens of, Texas.  *See Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) (noting that individuals are citizens of the states in which they are domiciled).  It is also undisputed that Defendant is an Ohio corporation and a citizen of Ohio.  *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006) (quoting 28 U.S.C. § 1332(c)(1)) (explaining that for diversity jurisdiction purposes, "a corporation is 'deemed to be a citizen' only of 'any State by which it has been incorporated' and 'of the State where it has its principal place of business'").  Defendant therefore fails to meet its burden to show that the parties are completely diverse for purposes of diversity jurisdiction.  *See Getty Oil Corp.*, 841 F.2d at 1259.

### B.     Snap Removal

Defendant argues that the motion for remand should be denied because Gallardo "is not a properly joined and served party," and because Plaintiff "presents no other basis for remand [other] than the forum-defendant rule based on Mr. Gallardo's alleged Texas residence."  (doc. 12 at 1-2.)

In support, it cites *Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482 (5th Cir. 2020), in which the Fifth Circuit recognized "snap removal."

> The forum-defendant rule provides a limitation on removal of diversity cases:
>
> [a] civil action otherwise removable solely on the basis of the jurisdiction under [28 U.S.C. § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

*Texas Brine Co.*, 955 F.3d at 485 (citing § 1441(b)(2)). In *Texas Brine Co.*, the Fifth Circuit considered whether the forum-defendant rule, as defined in 28 U.S.C. § 1441(b),[5] prohibits a non-forum defendant from removing a case prior to service on a forum-defendant, otherwise known as "snap removal." *Id.* The court began its analysis by recognizing that "the forum-defendant rule is a procedural rule and not a jurisdictional one." *Id.* at 485. Examining the plain language of § 1441(b)(2), the Fifth Circuit agreed with the Second Circuit that by its text, it did not apply until a home-state defendant had been served; until then, a state court lawsuit was removable under § 1441(a) so long as the federal district court could assume jurisdiction. *Id.* at 486. Accordingly, "[a] non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be 'properly joined and served' is a citizen of the forum state." *Id.* at 487.

Noting the Fifth Circuit's holding in *Texas Brine Co.*, the district court in *Lovett v. Bright Horizons Children's Ctr., LLC*, No. SA-20-CV-688-XR, 2020 WL 3410898, at *2 (W.D. Tex. June 19, 2020), addressed an argument similar to the one made by Defendant in this case:

> [The defendant] confuses the forum-defendant rule in § 1442(b)(2) with the requirement of original diversity jurisdiction in § 1332. Section 1332 creates original jurisdiction when the action is between citizens of different states. Whether a party

---

[5]Section 1441(b) provides, in relevant part, that an action may be removed on the basis of diversity only if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b); *see also In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 391 (5th Cir. 2009) (noting that this portion of § 1441(b) is often referred to as the "forum-defendant rule").

5

> has been served has no relevance to whether diversity of citizenship exists for jurisdictional purposes. The forum-defendant rule is a procedural rule, does not affect whether a federal court has diversity jurisdiction, and does not alter the fundamental rule that a removing defendant must demonstrate diversity of citizenship among the parties, whether served or unserved. For the forum-defendant rule to even be triggered, the civil action must be "otherwise removable solely on the basis of" diversity jurisdiction. A case with a Texas plaintiff and a Texas defendant is not removable on the basis of diversity jurisdiction.

*Id.*

As the *Lovett* found, where complete diversity is lacking at the time of removal, it is irrelevant under § 1441(b)(2) whether the forum defendant has been served. *See id.*; *see also New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998) ("Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."); *Bingabing v. Estate of Warren*, No. 3:20-CV-0951-B, 2020 WL 3639662, at *3 (N.D. Tex. July 6, 2020) (citing *Id.*) ("[W]hether a defendant is served or unserved is irrelevant for jurisdictional purposes."); *Superior Home Health Servs., LLC v. Philadelphia Indem. Ins. Co.*, No. 2:17-CV-52-AM-CW, 2018 WL 1876288, at *3 (W.D. Tex. Feb. 14, 2018) ("Because the parties were not diverse at the time of removal, jurisdiction is lacking. And because diversity jurisdiction is lacking, the analysis ends there, and it is thus irrelevant under § 1441(b)(2) whether Ortiz has or has not been served."). The Fifth Circuit has made clear that a defendant's "non-diverse citizenship cannot be ignored simply because he was an unserved defendant." *Deshotel*, 142 F.3d at 883. "A non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant." *Id.*

Because Gallardo's citizenship must be considered for diversity jurisdiction, and because he and Plaintiff are both Texas citizens, diversity of citizenship is lacking. Accordingly, the Court lacks

6

subject matter jurisdiction and the case must be remanded.[6]

## III.  CONCLUSION

Plaintiff's motion to remand is **GRANTED**, and by separate judgment, the case will be remanded to the 44th Judicial District Court of Dallas County, Texas.

**SO ORDERED this 28th day of December, 2020.**

                                                           IRMA CARRILLO RAMIREZ
                                                          UNITED STATES MAGISTRATE JUDGE

---

[6]Defendant's motion states that "Gallardo's status as not properly joined and served is also undisputed." (*See* doc. 12 at 2.) Without a showing of either actual fraud in the pleading of jurisdictional facts, or no reasonable basis to predict that Plaintiff might be able to recover against Gallardo, this statement alone is insufficient to meet Defendant's heavy burden to show improper joinder. *See Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004) (en banc) (explaining that to show improper joinder, the removing defendant bears the heavy burden of showing either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court").